UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SURE FILL & SEAL, INC.,**

    **Plaintiff,**

                                    Case No.: 8:08-CV-00882-T-17-TGW

v.

**GFF, INC.,**

    **Defendant.**
_____/

## ORDER ON PLAINTIFF'S MOTION TO AMEND TO JOIN ADDITIONAL DEFENDANTS AND FOR LEAVE TO AMEND COMPLAINT

This cause comes before the Court on Plaintiff's Motion to Join Additional Defendants and for Leave to Amend Complaint (Doc. 57) and Defendant's response thereto (Doc. 62). For the reasons set forth below, Plaintiff's Motion to Amend to Join Additional Defendants and for Leave to Amend Complaint is **GRANTED IN PART** and **DENIED IN PART**.

## PROCEDURAL HISTORY

Plaintiff, Sure Fill & Seal, Inc. (SF&S), originally filed this complaint alleging breach of contract in the United States District Court for the Middle District of Florida, Tampa Division on May 8, 2008 (Doc. 1). Plaintiff filed a Motion for Entry of Default Judgment against Defendant, GFF, Inc. (GFF), on September 8, 2008 (Doc. 12). On that same day, Defendant filed an Answer to Complaint for Breach of Contract or a Judgment in Equity and Counterclaims for Breach of Contract and Breach of Warranty (Doc. 15). In response, Plaintiff filed a Motion to Strike Answer and Counterclaim on September 15, 2008 (Doc. 17). On September 16, 2008, the Court issued an order denying Plaintiff's Motion for Entry of Default Judgment and denying Plaintiff's Motion to Strike Answer and Counterclaim (Doc. 18). Plaintiff then filed a Reply to Defendant's Counterclaims on September 30, 2008 (Doc. 22).

On May 1, 2009, Plaintiff filed a Motion to Join Additional Defendants and for Leave to Amend Complaint (Doc. 57). Defendant filed a Memorandum in Opposition to Plaintiff's Motion to Join Additional Defendants and for Leave to Amend Complaint on May 15, 2009 (Doc. 62).

## STATEMENT OF THE CASE

This is an action for damages for an alleged breach of contract, breach of collateral contract, and quantum meruit against Defendant arising from Plaintiff's sale of a rotary filling and sealing machine to Defendant. Defendant has counterclaimed damages arising from breach of contract and breach of warranty.

## DISCUSSION

I. *Motion to Amend Complaint*

A decision whether to grant leave to amend is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the Supreme Court has put some limits on this discretion by emphasizing Federal Rule of Civil Procedure 15(a), which provides that leave to amend "shall be freely given when justice so requires." *Id*. There must be a "justifying reason" for a court to deny leave to amend because the Supreme Court has held that "this mandate is to be heeded." *Id*.; see also *Halliburton & Assoc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985) ("substantial reason" to deny leave to amend is needed).

In *Grayson v. Kmart Corp.*, the Supreme Court indicated that in deciding whether to grant leave to amend, the Court may consider the following factors: undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previously permitted amendments, undue prejudice to the opposing party, and the futility of the amendment. 79 F.3d 1096, 1109 (11th Cir. 1996).

Plaintiff seeks to amend its Complaint in the instant action to state additional causes of action based on fraud, larceny, civil conspiracy, violation of Florida's Unfair and Deceptive Acts and Practices Law, and breach of fiduciary duty in addition to the breach of contract claims already stated. However, Plaintiff has failed to set forth with any degree of specificity the substance of any proposed amendment. The Eleventh Circuit has previously held that "in order to properly request leave to amend a motion must 'set forth the substance of the proposed amendment or attach a copy of the proposed amendment.'" *Doe v. Pryor*, 344 F.3d 1282, 1288 (11th Cir. 2003) (citing *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir.1999)). The Plaintiff has not

set forth the substance of the proposed amendment *or* attached a copy of the proposed amendment. In fact, Plaintiff's proposed additional claims seem to be based solely on speculation.

Moreover, allowing a plaintiff to amend his complaint may unduly prejudice a defendant if the amendment would delay the litigation or "expand [ ] the allegations beyond the scope of the initial complaint." *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir.1999). Prejudice is likely if "the amended complaint contain[s] 'new complex and serious charges' which would undoubtedly require additional discovery for the defendants to rebut." *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir.1993). In *Parish*, the plaintiff initially alleged violations of the Fair Debt Collection Practices Act, but subsequently sought to amend her complaint to include allegations of improper fee splitting and unauthorized practice of law. 195 F.3d at 763. The District Court denied the plaintiff's motion and the Court of Appeals affirmed, holding that "Parish's attempt to broaden the issues would likely require additional discovery and another motion for summary judgment, which would unduly prejudice the defendants and raise concerns about seriatim presentation of facts and issues." *Id*. The Court agrees with Defendant that granting Plaintiff leave to amend the complaint in this manner would unduly prejudice Defendant. Such a broad expansion of this case without any evidence to substantiate it is unwarranted.

Therefore, the Court **DENIES** Plaintiff's Motion to Amend Complaint.

II. *Motion to Join Additional Parties*

Plaintiff seeks to join Mr. Michael Vaclav Danick as an additional individual plaintiff. Plaintiff also seeks to join Platinum Packaging Group, Inc., Mr. Nicholas Lowe, Mr. William Perry, and Mr. Joseph Arriaga as additional defendants.

Diversity jurisdiction would not be affected by joining the aforementioned parties. SF&S is a Florida corporation with Florida citizenship for diversity purposes. GFF is a California corporation with California citizenship for diversity purposes. The addition of Mr. Danick as a Plaintiff would not affect diversity because he is a resident of Virginia. The addition of Platinum Packaging Group, Inc., Mr. Nicholas Lowe, Mr. William Perry, and Mr. Joseph Arriaga as defendants would not affect diversity either because they are all residents and citizens of California.

The Federal Rules of Civil Procedure declare that all persons may join in one action as plaintiffs or defendants if they assert (1) any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and (2) if any common question of law or fact will arise in the action. Fed. R. Civ. P. 20(a). A plaintiff need not be interested in obtaining all the relief demanded, and judgment may be given for one or more of the plaintiffs according to their respective rights to relief. 59 Am. Jur. 2d Parties § 136 (2009).

A. *Motion to Join Plaintiff*

As stated above, for there to be proper joinder of an additional plaintiff, the claims must arise out of the same transaction *and* also involve a question of law and fact common to both claims. Fed. R. Civ. P. 20(a). This rule is cumulative, and the plaintiff must show a right to relief

presenting common questions of law or fact and involving the same transaction, occurrence or series of transactions or occurrences. Fed. R. Civ. P. 20(a). To justify the joinder, Plaintiff argues that the alleged breach of contract arose out of the same transaction, occurrence, or series of transactions or occurrences since Mr. Danick was a co-owner of SF&S at the time the alleged breach of contract, breach of collateral contract, and quantum meruit occurred. This would also mean that questions of law and fact would be common to Plaintiff and Mr. Danick.

Therefore, the Court **GRANTS** Plaintiff's Motion to Join New Plaintiff.

*B. Motion to Join Defendants*

As stated above, the Court has determined that leave to amend the Complaint is not proper in this case. Therefore, the joinder of the proposed defendants is not appropriate because (1) the right to relief does not arise from the same transaction or occurrence or the same series of transactions or occurrences and (2) the questions of law and fact are not common between Defendant and the proposed defendants.

Therefore, the Court **DENIES** Plaintiff's Motion to Join Additional Defendants.

## CONCLUSION

**ORDERED** that Plaintiff's Motion to Join New Defendants is hereby **GRANTED IN PART** and **DENIED IN PART** in that Plaintiff has joined Michael Vaclav Danick as an individual plaintiff. The Clerk of Court is **DIRECTED** to add Mr. Danick as a plaintiff on the docket sheet.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 17th day of June, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

cc: All Parties and Counsel of Record