UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SURE FILL & SEAL, INC.,
et al.,

      Plaintiffs,

v.                                        CASE No. 8:08-CV-882-T-17TGW

GFF, INC.,

      Defendant.
_____

## ORDER

THIS CAUSE came on for consideration upon the filing of several discovery motions. For the following reasons, all of the motions will be denied.

1. The parties filed three motions regarding the deposition of Joe Arriaga, a former employee of the defendant. The defendant's "Notice[s] of Motion[s] and Motion[s] to Quash [the] Subpoena[s]" (Docs. 79, 108) do not comply with the Federal Rules of Civil Procedure. The defendant sought to quash Arriaga's subpoenas pursuant to Rule 45(c)(3)(A)(i), F.R.Civ.P. That rule provides that the motion must be presented to the court that issued the subpoena. Rule 45(c)(3)(A), F.R.Civ.P. ("On timely motion, the issuing court

must quash..."). These subpoenas are issued by United States District Courts in California (see Docs. 80-8, 109-2). Therefore, the defendant must file such motions in those California district courts, or include in the motions legal authority which shows that it is appropriate for this court to consider this matter.

The Plaintiffs' Motion to Compel Deposition of Mr. Arriaga (Doc. 100) will also denied. Although the plaintiffs fail to identify the Federal Rule of Civil Procedure under which they seek this relief, it is available under Rule 37(a), F.R.Civ.P. That rule provides:

> **(2) Appropriate Court.** A motion for an order to [compel discovery from] a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.

According to the plaintiffs, Arriaga is a former employee (Doc. 100, p. 2, n. 1), and they have not provided authority that a former employee is a party. Therefore, the motion must be made in the California district court that issued the subpoena.

Furthermore, even if this motion was properly before this court, it is unmeritorious because it is based on Arriaga's failure to appear at a deposition for which he was not given adequate notice (id., ¶¶ 1-3). Thus, the

plaintiffs state that they did not notice Arriaga for his July 24, 2009, deposition until July 15, 2009 (id., ¶¶ 2, 3). That amount of notice is per se unreasonable. Local Rule 3.02 requires that "a party desiring to take the deposition of any person ... shall give at least ten (10) days notice in writing to every other party to the action and to the deponent (if the deponent is not a party)." Furthermore, Rule 6(a)(1)(2), F.R.Civ.P., directs that the computation of this time period exclude intermediate weekends and holidays, and the day of the event that triggers the period. See, e.g., Monex Financial Services, Ltd. v. Nova Information Systems, Inc., 2008 WL 5235135 at *3, n. 4 (M. D. Fla. 2008)(unpub. dec.). Therefore, due to a lack of notice, Arriaga's failure to appear for the July deposition would be insufficient to warrant a court Order compelling his appearance.

2. The parties have also filed motions regarding the scheduling of Nick Lowe's deposition. The Plaintiffs' Motion to Compel Deposition of Mr. Lowe (Doc. 99), and the defendant's "Notice of Motion and Motion to Quash Subpoena" (Doc. 81), are moot because, according to the defendant,

"Mr. Lowe, through his California attorney, allowed his deposition to go forward" (Doc. 137, p. 2).[1]

3. The plaintiff has also sought to compel the defendant's deposition. The Plaintiff SF&S's Renewed Motion to Compel GFF's Deposition (Doc. 97) is unavailing. It is based upon the defendant's failure to attend a deposition in Florida (id., p. 2, ¶¶ 1, 2). The venue for this deposition was the subject of a motion for protective order by the defendant, who argued that it was overly burdensome for it to travel to Florida (see Doc. 73). The parties agreed at a hearing on this matter that the deposition would be scheduled in California (Doc. 92). Therefore, the defendant's failure to appear in Florida for its deposition is moot, and it is not a proper basis for a motion to compel.[2]

---

[1] Furthermore, the plaintiffs are not entitled to an award of expenses and attorney's fees incurred in filing their motion because the motion is based on Lowe's failure to appear at a deposition for which he was not given adequate notice. See Rule 37(d)(1)(A)(i), F.R.Civ.P. (sanctions may be imposed if a party fails "after being served with proper notice" to appear for a deposition). Thus, the plaintiffs stated that they noticed Lowe on July 15, 2009, to appear for his deposition on July 24, 2009 (Doc. 99, p. 2, ¶¶ 1, 2; p. 3, ¶4i). As discussed, this is insufficient notice. See Local Rule 3.02.

[2] Aside from the motion's lack of merit, the relief sought in the motion was improper because the plaintiffs sought an Order compelling the defendant to appear at a deposition without adequate notice (Doc. 97, pp. 6, 7; Doc. 135). Thus, the attached subpoena, issued on August 18, 2009, was for a deposition on August 28, 2009 (Doc. 97-2). As discussed, this is insufficient notice. See Local Rule 3.02; Rule 6(a), F.R.Civ.P.

4. The Plaintiffs' Joint Motion to Compel GFF's Deposition (Doc. 98) is based on the defendant's failure to appear for a deposition in California on July 23, 2009 (id., p. 2, ¶¶ 1, 2). In its opposition memorandum, the defendant contends that its "first notification of any impending depositions [was] on July 15, 2009" (Doc. 136, p. 3). As discussed above, this is inadequate notice. See Local Rule 3.02; Rule 6(a), F.R.Civ.P. Therefore, the motion is unavailing. See Rule 37(d)(1)(A)(i), F.R.Civ.P. (sanctions may be imposed if a party fails "after being served with proper notice" to appear for a deposition).[3]

5. Plaintiff Sure Fill & Seal has also filed a Motion for Protective Order (Doc. 131). It requests the court to "strike the Notices of Deposition and quash or modify the subpoenas directed to its Service Technician, to Hernando Ramirez and to Bill Castellanos, direct that Defendant reschedule the depositions at a time when Plaintiffs' counsel can meaningfully participate, and that it be awarded the costs and attorneys' fees incurred in presenting this Motion" (id., p. 4). The basis for the motion is the

---

[3]The motion mentions, but does not appear to focus upon, a GFF deposition noticed for August 28, 2009 (Doc. 98, p. 6). If relief was sought as to that deposition, it would also be improper because it would require the court to Order the defendant to appear at a deposition without adequate notice (Doc. 98-3, p. 1).

defendant's scheduling of two depositions for the same day in different states (id., p. 2). Plaintiff's counsel could not physically attend both of these depositions, and he therefore reasonably argued that these depositions should not go forward because each deponent is entitled to have the participation of his counsel.

The plaintiff filed this motion three days prior to the scheduled depositions and, therefore, the defendant's response was not due until after the date scheduled for the depositions. See Local Rule 3.01(b). The defendant states that the motion is moot as to the service technician because it withdrew that subpoena (Doc. 140; Doc. 141, p. 7). However, the status of the remaining depositions is unknown, as the defendant did not state if it proceeded with those depositions. Consequently, it is unclear if this matter is moot.

Due to this uncertainty, the motion will be denied without prejudice. However, if the depositions did proceed as scheduled, the plaintiff may file a motion requesting that unattended deposition testimony not be used against it because counsel was unable to physically attend both depositions on the same date in different states.

6. Additionally, the plaintiff has filed a "Motion to Compel A Hearing And/Or Answers to Interrogatories" (Doc. 133), which seeks an Order compelling the defendant to "answer fully and completely" interrogatory questions or, in the alternative, for the court to conduct a hearing on the dispute. As the plaintiff is fully aware, a motion to compel must comply with Local Rule 3.04(a) (see Docs. 85-86). In this regard, plaintiff's counsel sought permission to file a 77-page motion to compel answers to these interrogatories (Doc. 85). The court granted that request, but because it was skeptical of the need for such a lengthy motion, the plaintiff was advised the motion would be denied if it was not "concise and succinct" (Doc. 86). Instead of filing the motion to compel in accordance with Local Rule 3.04(a), it filed this motion, seeking a ruling, or a hearing on the matter, without even briefing the court as to the interrogatory questions and responses in dispute because plaintiffs' counsel purportedly does not feel capable of drafting a concise and succinct motion that complies with Local Rule 3.04(a) (see Doc. 133, p. 3). This request is frivolous. Therefore, it will be denied.

7. Finally, it is noted that, throughout these motions, each party accuses the other of failing to confer properly and show consideration for the

schedules of the deponents and opposing counsel. The court refuses to engage in futile finger-pointing. However, the parties are warned that, if further discovery is permitted (see Doc. 16 (discovery deadline was August 30, 2009)), and the parties fail to agree on mutually convenient dates for depositions, the court will order that the depositions take place on dates randomly selected by the court.

It is, therefore, upon consideration,

ORDERED:

1. That the defendant's Notice of Motion and Motion to Quash Subpoena of Joe Arriaga (Doc. 79) be, and the same is hereby, **DENIED**.

2. That the defendant's Notice of Motion and Motion to Quash Subpoena of Nick Lowe (Doc. 81) be, and the same is hereby, **DENIED as MOOT**.

3. That Plaintiff SF&S's Renewed Motion to Compel GFF's Deposition (Doc. 97) be, and the same is hereby, **DENIED**.

4. That the Plaintiffs' Joint Motion to Compel GFF's Deposition (Doc. 98) be, and the same is hereby, **DENIED**.

5. That the Plaintiffs' Motion to Compel Deposition of Mr. Lowe (Doc. 99) be, and the same is hereby, **DENIED** as **MOOT**.

6. That the Plaintiffs' Motion to Compel Deposition of Mr. Arriaga (Doc. 100) be, and the same is hereby, **DENIED**.

7. That the defendant's Notice of Motion and Motion to Quash Subpoena of Joe Arriaga (Doc. 108) be, and the same is hereby, **DENIED**.

8. That the Plaintiff's Motion for Protective Order (Doc. 131) be, and the same is hereby, **DENIED without PREJUDICE**.

9. That the plaintiff's Motion to Compel A Hearing And/Or Answers to Interrogatories (Doc. 133) be, and the same is hereby, **DENIED**.

10. All discovery-related motions must be filed no later than **October 16, 2009**, unless the discovery cut-off date is extended, in which event, the cut-off date for filing discovery-related motions will be fourteen (14) days after the new discovery cut-off date.

DONE and ORDERED at Tampa, Florida, this 1st day of October, 2009.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE