## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SURE FILL & SEAL, Inc., et al.,

    Plaintiffs,

v.

                                    Case No. 8:08-cv-882-T-17TGM

GFF, Inc.,

    Defendant.

_____/

## <u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

This cause comes before the Court on defendant's Motion to Enforce the

Settlement Agreement (Doc. 158) and plaintiffs' Motion to Extend Time to Dismiss the

Case (Doc. 159) pending resolution of a Motion for Sanctions (Doc. 162). This Court,

under authority of 28 U.S.C. § 636(b)(1)(B), Rule 72(b) of the Federal Rules of Civil

Procedure, and Rule 6.02, Local Rules of the Middle District of Florida, referred the

motions to the Honorable Thomas G. Wilson, United States Magistrate Judge, by Order

of Referral dated April 1, 2010 (Doc 168).

After considering the parties' submissions and oral arguments, Judge Wilson, on

July 6, 2010, filed a Report and Recommendation ("R&R") (Doc 176) wherein he

recommends that this Court grant defendant's motion and deny plaintiffs' motions. Judge

Wilson determined that the plaintiffs have not asserted any legal justification for failing

to dismiss their claims in accordance with the Settlement Agreement, and further, have

not come close to demonstrating that the defendant engaged in sanctionable conduct. On July 13, 2010, plaintiffs filed their Objections to the Report and Recommendation (Doc 178) and on July 27, 2010 the defendant filed their Response (Doc. 179). After reviewing Judge Wilson's findings in the light most favorable of Plaintiff's objections, this Court adopts the Magistrate Judge's report and recommendation.

## **BACKGROUND**

This case arose out of the plaintiffs' claim that the defendant breached its obligation to pay $80,878.29, which was the remaining balanced owed for the purchase and installation of a food cup filling machine (Doc 1). The defendant denied the plaintiffs' claim and asserted counterclaims for breach of contract and breach of expressed warranty, alleging the machine did not perform in accordance with specifications, and the plaintiffs failed to fix the problem (Doc 15).

During discovery the parties had a hard time agreeing with each other. This resulted in the plaintiffs filing several motions for sanctions (Docs. 24, 31, 89). However, these motions were denied on procedural grounds or withdrawn. Despite the disputes, the lawsuit was resolved, and the parties agreed in the Settlement Agreement to dismiss their claims.

The defendant, prompted by the plaintiffs' failure to dismiss their claims, filed a Motion to Enforce the Settlement Agreement (Doc. 158). In response, the plaintiffs filed a Motion to Extend the Time to Dismiss the Case (Doc. 159) pending resolution of a Motion for Sanctions (Doc. 162). The sanctions motion alleges that the defendant and its

2

counsel asserted frivolous claims and engaged in outrageous conduct during litigation of this case.

These motions were then referred to Magistrate Judge Wilson for a report and recommendation (Doc 168). The Report and Recommendation (Doc. 176), recommended the Motion to Enforce the Settlement Agreement (Doc. 158) be granted and the other motions be denied.

## STANDARD OF REVIEW

Under the Federal Magistrate's Act (the "Act"), Congress vested Article III judges with the power to authorize a United States Magistrate Judge to conduct evidentiary hearings. The relevant portion of this act is found at 28 U.S.C. § 636. A district court judge may designate a United States Magistrate Judge to conduct hearings, including evidentiary hearings, in order to submit proposed findings of fact and recommendations (ie. R & R) for the disposition of motions for injunctive relief. 28 U.S.C. § 636(b)(1)(B). Within fourteen days after being served with a copy of the R & R, any party may file written objections to the proposed findings and recommendations. *Id.* Section 636(b)(1) also states that a judge of the court shall make a *de novo* determination of those portions of the R & R to which objection is made. 28 U.S.C. § 636(b)(1).

In *U.S. v. Raddatz*, 447 U.S. 667 (1980), the Court upheld the constitutionality of this provision of the Act. The Court found that Congress adequately protected the Act against an Article III constitutional challenge by subjecting the Magistrate Judge's proposed findings and recommendations to a *de novo* determination by the judge, who then exercises ultimate authority to issue an appropriate order. 447 U.S. at 681. In *Jeffrey*

*S. v. State Board of Education of the State of Georgia*, 896 F.2d 507,512 (11th Cir. 1990), the court stated that the *de novo* review requirement is essential to the constitutionality of section 636. The court further stated that section 636(b)(1)'s nonconsensual reference is saved from constitutional infirmity by the retention in the Article III judge of the ultimate adjudicatory power, to be exercised after assistance from and upon the recommendation of the Magistrate Judge. *Id.* at 512-13 (citing *Hill v. Sharpe*, 812 F.2d 644,647 (11th Cir. 1987)). Accordingly, the *de novo* review is based in a realization that only the district court judge can constitutionally dispose of a matter such as that in the instant case.

Rule 72 of the Federal Rules of Civil Procedure places into practice the powers codified in 28 U.S.C. § 636(b)(1). Rule 72 follows the statutory example and sets forth different provisions for the two types of pretrial matters that can be referred to a Magistrate Judge. The first provision under § 636(b)(1)(A) states in part that a judge may designate a Magistrate Judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief. Rule 72(a) refers to the type a pretrial matter set out in § 636(b)(1)(A) as one that is not dispositive of a claim or defense.

The second provision, under § 636(b)(1)(B), states in part that a judge may designate a Magistrate Judge to conduct hearings, including evidentiary hearings, and to submit proposed findings of fact and recommendations (i.e. R & R) for disposition, by a judge, of any motion excepted in subparagraph (A). Thus, subparagraph (B) applies to injunctive relief. Subparagraph (B) also allows any party, within fourteen days, to file written objections to such proposed findings and recommendations. Additionally, § 636(b)(1) states that a judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

4

Rule 72(b) describes those matters that are accepted in § 636(b)(1)(A) as ones that are dispositive of a claim or defense. Since injunctive relief is excepted from § 636(b)(1)(A), it is dispositive and a R & R submitted by a Magistrate Judge is subject to *de novo* review by the district judge. This part of Rule 72 also reiterates the need for a timely objection and a *de novo* determination upon the record. Thus, the Magistrate Judge's R & R in the instant case is reviewed *de novo* by the district judge who must then accept it, reject it, or modify it, in whole or in part.

Courts in the Eleventh Circuit have addressed the issue of whether the same *de novo* standard of review is applicable. In *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), the court addressed the issue of what standard of review the appellate court would use in reviewing the district court's adoption of a Magistrate Judge's R & R. In do so, the court examined what standard of review the district court was required to use in its review. The court in *LoConte* found that there are three different categories of findings reviewable on appeal: (1) findings of fact made by the Magistrate Judge to which the parties did not object; (2) findings of fact made by the Magistrate Judge to which the parties did object with the objections being resolved *de novo* by the district court; and (3) independent findings of fact made by the district court. *Id.* at 749. In reference to the findings stated in category (2), the *LoConte* court also stated that:

> Whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a de novo review of the record with respect to that factual issue. As the use of the phrase de novo implies, the district court's consideration of the factual issue must be independent and based upon the record before the court....
> [T]he factual conclusions reached by the district court are subject only to a "clearly erroneous" standard of review on appeal.

*Id.* at 750; *See also Jeffrey S. V. State Board of Education of Georgia*, 896 F.2d 507,513 (11th Cir. 1990), *Mannings v. School Board of Hillsborough County, Florida*, 796 F.Supp 1491,1492 (M.D. Fla. 1992), *McHenry v. The Florida Bar*, 808 F.Supp 1543,1544 (M.D. Fla. 1992. It is clear that findings by the Magistrate Judge, to which the parties have made timely objections, are subject to *de novo* review by the district court judge

The standard of review applicable under categories (1) and (3), are different from the *de novo* review standard of category (2). When no objections are made to the Magistrate Judge's R & R, the case law seems to indicate that the district court should review the findings using the same clearly erroneous standard of review that an appellate court must use when reviewing the district court's findings.

In *Nettles v. Wainwright*, 677 F.2d 404,409 (5th Cir. Unit B 1982) (en banc), the court stated that if no objections are filed, the judge may accept, reject, or modify, in whole or in part, the findings and recommendations. The *Nettles* court further states that it is arguable that, when no objections are filed, the parties have accepted the Magistrate Judge's report and have consented to the recommendations. *Id.* In *Jeffrey,* the court stated that on appeal there is little practical distinction between the plain error standard of review applicable to unchallenged findings of fact by a Magistrate Judge and the clearly erroneous standard of review relevant to fact findings by the district court. 896 F.2d at 513, citing *LoConte*, 847 F.2d at 750.

## DISCUSSION

**A. Motion to Enforce the Settlement Agreement.**

A district court has "inherent power to summarily enforce settlement agreements entered into by parties… in a pending case." *Ford v. Citizens and Southern National Bank*, 928 F.2d 118, 1121 (11th Cir. 1991). "The motion to enforce the settlement agreement essentially is an action to specifically enforce a contract." *Id.* at 1122.

In this case, plaintiffs do not dispute that the Settlement Agreement is an enforceable contract. Plaintiffs' however wish to keep the action open so their Motion for Sanctions may be resolved. However, a pending motion for sanctions is not a legal justification for the plaintiffs' failure to fulfill their obligations under the Settlement Agreement. A district court retains jurisdiction over the issue of sanctions even if the underlying case has been dismissed. *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 395-96 (1990). Therefore, because the defendant has fulfilled its only obligation, paying the $50,000.00 consideration, the plaintiffs must dismiss their claims.

Further, when a settlement agreement does not fix a date for performance, the law implies a reasonable time. *De Cespedes v. Bolanos*, 711 So.2d 216, 218 (Fla App. 1998). The Settlement Agreement in this case does not provide a specific time for performance. A reasonable time would be shortly after January 11, 2010, when the plaintiffs received the settlement check. It is substantially beyond the court's 90-day dismissal order and still the plaintiffs have not dismissed their claims. Consequently the plaintiffs are in breach of the settlement agreement.

**B. Motion for Sanctions.**

Plaintiffs filed a Motion for Sanctions against the defendant and its counsel pursuant to Rules 11(c), 26(g), and 37(a)(5) of the Federal Rules of Civil Procedure; Fla. Stat. §57.105; 28 U.S.C. 1927; Florida's inequitable conduct doctrine; and the inherent power of the court (Doc. 162). Plaintiffs' complaints are numerous, and plaintiffs' have filed multiple requests for sanctions throughout this case (Docs. 24, 31, 89). The plaintiffs request a monetary award of more than three-quarters of a million dollars (Doc. 162).

The Settlement Agreement bars any such award to the plaintiffs. In the Settlement Agreement, the plaintiffs agreed to release the defendant and its counsel from all claims, "related to, or in any way connected with the Claims asserted in this action" (Doc. 158). The plaintiffs further expressly waived in the Settlement Agreement any claims to attorneys' fees and costs.

Plaintiffs assert two grounds in support of their contention that the Motion for Sanctions is not barred by the settlement agreement. First, the plaintiffs allege that "[s]anctions for misconduct during litigation are not covered by the Settlement agreement" (Doc. 162 p. 7). This claim is meritless. The Settlement Agreement broadly releases the defendant and its attorneys from "any and all claims, know or unknown, causes of action, demands, liabilities, or obligations arising out of or related to, or in any way connected with the Claims asserted in this Action…" (Doc. 158 p. 3). The allegations that the defense filed frivolous counterclaims, stonewalled discovery and various other conduct are all related and connected with this action. Accordingly they are barred.

8

Second, plaintiffs contend that their motion remains viable because "sanctions [are not] dischargeable by a settlement" (Doc. 159 p. 8). Although the court's rights to sanction parties misconduct remains following a settlement, " compensatory sanctions may be bargained away by the parties." *Flemming & Associates v. Newby& Title*, 529 F.3d 631, 640 (5th Cir. 2008). Therefore, plaintiff cannot collect a compensatory award of three-quarters of a million dollars.

Moreover, since the Settlement Agreement moots the plaintiffs' claim of compensatory damages, there is no legal basis to evaluate the plaintiffs' claims under provisions which only afford attorneys' fees and expenses as a sanction. Accordingly, the plaintiffs are not entitled to any relief under 28 U.S.C. 1927; Rule 37(a)(5), F.R.Civ.P.; Fla. Stat. §57.105; and Florida's inequitable conduct doctrine.

Remaining for the consideration are the plaintiffs' claims under the court's inherent authority, and Rules 11 and 26(g) of the Federal Rules of Civil Procedure. The court may impose punitive sanctions, such as a monetary fine payable to the court, or a non-monetary directive, for conduct violative of these provisions, notwithstanding the parties' Settlement Agreement. However, no sanctions are warranted under these provisions because the plaintiffs' claims are not cognizable or are meritless.

**C. Motion to Extend the Time to Dismiss the Case.**

As discussed above, the Motion for Sanctions is meritless. Therefore, there is no basis to further delay the resolution of this case through an extension. The plaintiffs must meet their contractual obligation under the Settlement Agreement.

**D. Plaintiffs' Objections.**

The Plaintiffs allege that they were not afforded a hearing in order to examine the defense counsel's conduct, and that the Magistrate's conclusions that plaintiffs are unable to show sanctionable conduct is contrary to the evidence on record. "Due process requires notice and an opportunity to respond if Rule 11 sanctions are imposed" *Baker v. Alderman*, 158 F.3d 516,525 (11th Cir. Fla. 1998). However, "[t]here is no requirement that a hearing be conducted before sanctions are awarded." *Id.* at 526. In this case, the court is not required to conduct a hearing to allow the plaintiffs to examine the defendant's conduct. The court may simply review the record when considering sanctions. The record does not show any conduct by the defendant that is worthy of sanctions.

The plaintiffs further contend that the Magistrate erred in concluding that the Settlement Agreement barred the imposition of sanctions. As discussed above the plaintiffs in the Settlement Agreement waived their right to assert any claims against the defendant or its counsel that are related to or connected in any way with the action. Hence, plaintiffs cannot seek compensatory damages. The court however may still impose punitive sanctions.

Therefore, because the claims for sanctions are related to the action and the plaintiffs have failed to dismiss such claim, the plaintiffs are in violation of the Settlement Agreement. The court is not required to conduct an evidentiary hearing and is not convinced that sanctions are necessary. Sanctions may be imposed against the plaintiffs if they continue to pursue frivolous claims. The Magistrate Judge's report and

recommendation is supported in the record. Accordingly, it is:

**ORDERED** that the report and recommendation, dated July 6, 2010, be **ADOPTED** and be incorporated by reference herein; the Motion to Enforce the Settlement Agreement (Doc. 158) be **GRANTED;** the Motion to Extend the Time to Dismiss the Case (Doc. 159) be **DENIED;** the Motion for Sanctions (Doc. 162) be **DENIED;** and the Motion to be Allowed to File a Summary Judgment (Doc. 154) be **DENIED** as moot. This cause of action is dismissed in accordance with the Settlement Agreement. The Clerk of Court is directed to close this case.

**DONE AND ORDERED** in Chambers, in Tampa, Florida on this 6th day of August 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies To: All Parties and Counsel of Record