UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SURE FILL & SEAL, INC., et al.,

    Plaintiffs,

v.                              Case No. 8:08-CV-882-T-17-TGW

GFF, INC.,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION FOR ATTORNEYS' FEES

This cause is before the Court on Defendant's, GFF, Inc., Motion for Attorneys' Fees (Doc. 181) and Plaintiffs', Sure Fill & Seal, Inc. et al., response thereto (Doc. 187). For the reasons set forth below, Defendant's Motion for Attorneys' Fees is **GRANTED**.

## BACKGROUND AND PROCEDURAL HISTORY

The original lawsuit between Plaintiffs ("Sure Fill") and Defendant ("GFF"), involving a breach of contract claim regarding the purchase and installation of a machine sold by Sure Fill to GFF, was resolved in December 2009 by a Settlement Agreement and Mutual Release ("Settlement Agreement"). (Doc. 158, Doc. 176). Soon thereafter, the parties notified this Court that "the parties have agreed to terms of settlement which should be consummated on or before January 11, 2010." (Doc. 156). According to the terms of the Settlement Agreement:

1

> 1. <u>Consideration</u>. As of the date of this Settlement Agreement, [the Defendant] agrees to pay [the Plaintiffs] the sum of $50,000.00 (Fifty Thousand US Dollars), and each party hereby shall dismiss its respective complaints, counterclaims and prayers for relief in the Action, and shall release forever any and all claims against each other arising out of the subject matter of the Action, on the terms and conditions stated in this Settlement Agreement.

(Doc. 158-1). Plaintiffs received a $50,000.00 check from Defendant on January 11, 2010 (Doc. 158-1). While counsel for Plaintiffs acknowledged in correspondence dated February 4, 2010 that the check had been cashed and "the settlement has been consummated," he was unwilling to dismiss Plaintiffs' claims against Defendant. (Doc. 158-3).

As a result, Defendant filed a Motion to Enforce the Settlement Agreement on February 24, 2010, alleging that Plaintiffs refused to dismiss their claims in accordance with the Settlement Agreement. (Doc. 158). In response, Plaintiffs filed a "Memorandum in Opposition to Motion to Quash and Motion to Extend Time to Dismiss the Case" ("Motion to Extend Time"), arguing that they were not refusing to dismiss their claims, but instead sought "to keep the action administratively open for the resolution of their Motion for Sanctions." (Doc. 159). Curiously, as noted by Magistrate Wilson in his July 6, 2010, Report and Recommendation, there was no Motion for Sanctions pending at the time of the Settlement Agreement or when Plaintiffs filed the Motion to Extend Time. (Doc. 176). Plaintiffs finally filed the aforementioned Motion for Sanctions on March 12, 2010, seeking over three-quarters of a million dollars from Defendant for its allegedly frivolous counterclaims and defenses as well as allegedly stonewalling Plaintiffs' discovery efforts. (Doc. 162).

In the subsequent hearing conducted on the three motions (Plaintiffs' Motion to Extend Time and Motion for Sanctions and Defendant's Motion to Enforce the Settlement Agreement), Magistrate Wilson warned Plaintiffs that "although sanctions payable to the court may not be

2

waived in a settlement, the plain language of the Settlement Agreement barred monetary sanctions payable to the plaintiffs." (Doc. 176). Magistrate Wilson made clear at the same hearing that, based on his experience in the case, Plaintiffs were primarily responsible for unnecessarily protracting the litigation in this case and that if sanctions were warranted, he "would recommend that they be assessed against the plaintiffs, not the defendants." (Doc. 176). Furthermore, Magistrate Wilson informed Plaintiffs at the hearing (Doc. 173), and then repeated in his Report and Recommendation, that "if the plaintiffs pursue this frivolous motion further, the defendant should be awarded its attorneys' fees and costs in connection with the enforcement of the Settlement Agreement."[1] (Doc. 176). Magistrate Wilson concluded his Report and Recommendation by recommending that this Court deny Plaintiffs' Motion to Extend the Time to Dismiss the Case and Motion for Sanctions, and grant Defendant's Motion to Enforce the Settlement Agreement. (Doc. 176).[2]

On August 4, 2010 this Court adopted Magistrate Wilson's Report & Recommendation, and dismissed the case at hand. (Doc. 180). Defendant filed the current Motion for Attorneys' Fees on August 18, 2010, indicating it would withdraw its motion in the event that Plaintiffs did not file an appeal.[3] (Doc. 181). Plaintiffs filed notice of appeal on September 2, 2010. (Doc. 184).

---

[1] Magistrate Wilson further opined that "the defendant reasonably believed that the Settlement Agreement and their payment of $50,000 to the plaintiffs would bring an end to the litigation. However, the plaintiffs have instead pursued these stale and frivolous contentions, thereby causing the defendant to incur unnecessarily further attorneys' fees and costs. The Motion for Sanctions, moreover, appears to be an unmeritorious attempt to subvert the terms of the Settlement Agreement. Therefore, an award of attorneys' fees and costs to the defendant would be appropriate if the plaintiffs continue to pursue this matter." (Doc. 176).

[2] Once more, Magistrate Wilson recommended "that the defendant be awarded its reasonable attorneys' fees and costs incurred in connection with enforcement of the Settlement Agreement if the plaintiffs continue pursuit of the frivolous Motion for Sanctions." (Doc. 176).

[3] "GFF only intends to pursue its attorneys' fees if Plaintiffs follows [sic] through with their threats and file an appeal, which would necessitate more unnecessary work on this matter." (Doc. 181). "If Plaintiffs do not file an appeal . . . GFF intends to withdraw this motion." (Doc. 181).

3

## DISCUSSION

Defendant argues in the present motion that it is entitled to attorneys' fees in connection with its meritorious enforcement of the parties' Settlement Agreement pursuant to the following terms of Paragraph 7 of the agreement:

> Attorneys' Fees and Costs. The Parties shall bear their own attorneys' fees and costs incurred in connection with the Action, including those incurred for drafting and review of this Settlement Agreement, and for any action needed to complete performance of this Settlement Agreement. *Should any party hereto institute any action or proceeding to enforce any provision of this Settlement Agreement*, or for damages by reason of any breach of any provision of this Settlement Agreement, or for a declaration of such party's rights or obligations hereunder, *or for any other judicial remedy, the prevailing party in such matter shall be entitled to recover from the losing party all reasonable attorneys' fees*, costs and expenses, including expert witness fees, incurred by the prevailing party in such action or proceeding.

(Doc. 158-1) (emphasis added). The interpretation of the Settlement Agreement is governed by Florida contract law[4], under which the interpretation of the agreement is a question of law for the court, and "[w]ords . . . are to be given their plain and ordinary meaning." *Schwartz v. Fl. Bd. of Regents*, 807 F.2d 901, 905 (11th Cir.1987). Defendant, by filing its February 24, 2010 Motion to Enforce the Settlement Agreement (Doc. 158), instituted a proceeding to require Plaintiffs to dismiss their claims as they had agreed to in the Settlement Agreement. This Court's August 4, 2010, Order Adopting Report and Recommendation granted that motion and dismissed the cause of action in its entirety. (Doc. 180). Thus, Defendant prevailed on its Motion to Enforce the Settlement Agreement, and in accordance with the plain language of Paragraph 7, is "entitled to recover from the losing party all reasonable attorneys' fees" incurred in relation to its successful enforcement of the Settlement Agreement. (Doc 158-1).

---

[4] Paragraph 8 of the Settlement Agreement provides that the "rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and governed by, the laws of the State of Florida." (Doc. 158-1).

The two arguments that Plaintiffs advance in opposition to awarding Defendant its reasonable attorneys' fees are unsupported by both the facts of this case and the law. First, Plaintiffs contend that "[t]he instant Motion is based on a dispute not arising from the Settlement Agreement." (Doc. 187, p. 4). Instead of using its response to argue on the merits of Defendant's claim for attorneys' fees, Plaintiffs choose to treat the response as a springboard to inexplicably launch into another attempt to advance the same argument for sanctions that they previously lost on in this Court's August 4, 2010, Order Adopting Report and Recommendation. For example, Plaintiffs once again argue that "court-ordered sanctions are not generally within the scope of a settlement agreement." (Doc. 187, p. 5). Plaintiffs' determined pursuit of this failed argument for sanctions despite this Court's admonishment in its August 4, 2010 Order that they "are not cognizable or are meritless" (Doc. 180) is simply unrelated to the motion at hand.

Despite Plaintiffs' argument to the contrary, it is clear that Defendant's Motion for Attorneys' Fees originates directly from Paragraph 7 of the Settlement Agreement. In fact, Plaintiffs seem to come full circle by the end of their response to concede that "[t]he current dispute arose out of the Settlement Agreement," in order to justify their conclusory argument that it is they who are in fact entitled to reasonable fees for defending the motion. (Doc. 187, p. 6). Plaintiffs contend that the instant motion is not an attempt to enforce the Settlement Agreement, when in fact it is exactly that – the Defendant brought the motion to enforce Paragraph 7 of the Settlement Agreement in order to recuperate its reasonable attorneys' fees for its previous successful Motion to Enforce the Settlement Agreement.

Plaintiffs' most coherent argument is that Defendant's Motion cannot be disposed of at this time due the pending appeal, as the appeal will address which party is considered the "prevailing party," and it would be "premature for the Court to attempt to conclude that either

party would be entitled to the fees contemplated by [the Settlement Agreement]." (Doc. 187, p. 3). Ordinarily, the phrase "prevailing party" is a legal term of art defined as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded . . . [a]lso termed *successful party.*" *Buckhannon Bd. & Care Home. Inc. v. W. Va. Dept. of Health & Human Res.*, 532 U.S. 598, 603 (2001) (citing Black's Law Dictionary 1145 (7th ed. 1999)). Thus, "a 'prevailing party' is one who has been awarded some relief by the court." *Buckhannon*, 532 U.S. at 603. This Court rendered judgment in the favor of the Defendant on its prior Motion to Enforce the Settlement Agreement and, as a result, the Defendant was awarded the relief of having the case dismissed by this Court's August 4, 2010, Order Adopting Report and Recommendation. (Doc. 180). Thus, for the purposes of Paragraph 7 of the Settlement Agreement, the Defendant qualifies as a prevailing party.

Based on the current record, this Court finds that Defendant is entitled to its reasonable attorneys' fees in enforcing the Settlement Agreement. If Defendant prevails on appeal, both sides are directed to initiate discussions to determine the appropriate amount to be awarded. In the event that the parties fail to agree, Defendant is directed to file the appropriate motion for the assessment of such fees with this Court. If the Plaintiffs prevail, the fee issue should become moot.

Accordingly, it is **ORDERED** that Defendant's Motion for Attorneys' Fees (Doc. 181) be **GRANTED** as far as liability but not amount to be paid.

DONE AND ORDERED MARCH 31ST, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.