UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SURE FILL & SEAL, INC., et al.,

      Plaintiffs,

vs.                            CASE NO. 8:08-CV-882-T-17-TGW

GFF, INC.,

      Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the report and recommendation ("R&R") issued by

Magistrate Judge Thomas G. Wilson on March 30, 2012. Dkt. 218. On March 31, 2011, the

Court granted Defendant GFF, Inc.'s ("Defendant") Motion for Attorney's Fees (Dkt. 181),

contingent on Defendant prevailing on appeal of the Court's rulings on Defendant's Motion to

Enforce Settlement Agreement (Dkt. 158) and Plaintiffs, Sure Fill & Seal, Inc.'s, and Michael

Daniek's ("Plaintiffs'"), Motion for Sanctions (Dkt. 162). Dkt. 188. The Eleventh Circuit

Court of Appeals affirmed the Court's rulings (Dkt. 189) and the Court referred the matter to

the magistrate judge to hold a hearing and issue a R&R on the determination of the amount of

fees and costs awarded to Defendant. Dkt. 198. To that end, the magistrate judge entered a

detailed Order directing the Defendant to file attorney time records, an itemized statement of

the costs and receipts, and an expert affidavit supporting the reasonableness of the sum

requested. *See* Dkt. 199, p. 3. The magistrate judge also directed Plaintiffs to specifically

object to each time entry and/or hourly rate and support each objection by expert testimony.

*See* Dkt. 199, p. 3.  Accordingly, the magistrate judge considered affidavits from defense

counsel and its fee expert (Dkt. 201-204), defense counsel's time records (Dkt. 205),

Plaintiffs' Motion to Strike and in Opposition to GFF Inc.'s Attorneys' Fees and Costs to

Enforce Settlement Agreement (Dkt. 207), and an affidavit from Plaintiffs' fee expert (Dkt.

208).  The magistrate judge held a hearing on December 30, 2011 and heard argument from

defense counsel (no one appeared on behalf of Plaintiffs).  On March 30, 2012, the magistrate

judge recommended that Defendant be awarded attorneys' fees in the amount of $31,589.75

and costs and expenses in the amount of $113.04.  Dkt. 218.

Pursuant to Rule 6.02, Rules of the United States District Court for the Middle District

of Florida, the parties had fourteen (14) days after service to file written objections to the

proposed findings and recommendations.  On April 13, 2012, Plaintiffs filed objections to the

R&R.  Dkt. 220.  Defendant filed its response in opposition on April 27, 2012.  Dkt. 221.

## STANDARD OF REVIEW

When no timely and specific objections are filed, case law indicates that the court

should review the findings using a clearly erroneous standard.  *Gropp v. United Airlines, Inc.*,

817 F.Supp. 1558, 1562 (M.D. Fla. 1993). However, when a party makes a timely and specific

objection to a finding of fact in the report and recommendation, the district court should make

a *de novo* determination with respect to that factual issue.  28 U.S.C. § 636(b)(1); *United*

*States v. Raddatz*, 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of*

*Georgia*, 896 F.2d 507 (11th Cir. 1990).  The Court reviews legal conclusions *de novo* even in

the absence of an objection.  *Cooper-Houston v. Southern Railway Co.*, 37 F.3d 603, 604

2

(11th Cir. 1994).

## DISCUSSION

This litigation originally involved a breach of contract claim regarding the purchase of a "rotary filling and sealing" machine by Defendant. The Defendant denied the claim and asserted counterclaims for breach of contract and breach of express warranty. From the onset, this case was marked by an unusually contentious discovery period and various other trivial disputes that were caused by what the magistrate judge characterized as a "failure to cooperate with each other." *See* Dkt. 176, p. 3. Putting these differences to rest, or at least so it appeared at the time, the parties settled their disputes and entered into a settlement agreement on December 29, 2009. *See* Dkt. 158. Now, three years later, the parties are before the Court on objections to the amount of attorneys' fees awarded by the magistrate judge to compensate Defendant for its costs incurred to enforce the settlement agreement. Specifically, after the parties executed the settlement agreement and Plaintiffs received the settlement proceeds, Plaintiffs refused to dismiss the pending claims against Defendant in order to pursue sanctions against Defendant's counsel for alleged misconduct throughout the litigation. Dkt. 158, ¶ 5. Plaintiff took the position that its claim for sanctions against Defendant's counsel was not barred by the settlement agreement because it arose not from the subject of the claims or counterclaims, but the financial burden "it was forced to endure in the process of litigation." Dkt. 159, p. 9.

As a result, Defendant filed a Motion to Enforce the Settlement Agreement (Dkt. 158). In turn, Plaintiffs filed a Motion to Extend Time to Dismiss the Case (Dkt. 159) and a Motion

for Sanctions (Dkt. 162). The Court referred these motions to the magistrate judge. Dkt. 168. The magistrate judge, holding that "plaintiffs have not asserted any legal justification for failing to dismiss their claims in accordance with the Settlement Agreement," recommended granting the Motion to Enforce the Settlement Agreement (Dkt. 158), and denying the Motion to Extend the Time to Dismiss the Case (Dkt. 159). *See* Dkt. 176. The magistrate judge also recommended denying the Motion for Sanctions (Dkt. 162). *See* Dkt. 176. Notably, the magistrate judge recommended that Defendant "be awarded its reasonable attorneys' fees and costs incurred in connection with enforcement of the Settlement Agreement if the plaintiffs continue pursuit of the frivolous Motion for Sanctions." *See* Dkt. 176.

Despite this admonition, Plaintiffs' counsel continued to advance baseless arguments in support of the Motion for Sanctions. Notably, in its objections to the magistrate judge's R&R, Plaintiffs even accused the magistrate judge of misrepresenting facts. *See* Dkt. 178, p. 3 ("[T]he errors [by the magistrate judge] severely erode trust in equality of justice for all in several first-generation Americans; particularly when reading some of the clear factual misrepresentations contradicting the record in the Magistrate's report."). Plaintiffs' unfounded accusation was not well taken. This Court overruled Plaintiffs' objections and held "no sanctions are warranted under these provisions because the plaintiffs' claims are not cognizable or are meritless." *See* Dkt. 180, p. 9. The Court also adopted the magistrate judge's recommendation to enforce the settlement agreement. *See* Dkt. 180.

Subsequently, Defendant filed a motion to recover the attorneys' fees and costs it incurred enforcing the settlement agreement. *See* Dkt. 181. The Court granted Defendant's

motion for attorneys' fees, so long as Defendant prevailed on appeal.  Dkt. 188, p. 8.  After the

Eleventh Circuit affirmed the Court's Order, the Court referred this matter to the magistrate

judge to determine the amount of attorneys' fees and costs that Defendant should be awarded.

Dkt. 198.  The magistrate judge recommended an award of $31,589.75 in attorneys' fees and

$113.04 in costs.  Plaintiffs raise four objections to the R&R.

Before addressing each individual objection, the Court must first pause to reiterate the

concerns raised by the magistrate judge regarding the attorneys' lack of attention to detail in

this case.  *See* Dkt. 218, p. 10 ("The parties' seeming lack of interest is also reflected in the

lack of detail and substantiation for their claims, which has made the determination of the

amount of a reasonable attorneys' fee unnecessarily burdensome."); p. 28 ("It is noted that this

computation is an approximation, as greater precision was hindered by the parties' deficient

submissions.").  Imprecision and lack of attention to detail severely dampen the efficacy of

Plaintiffs' written submission to this Court.  Equally unhelpful is Defendant's one sentence,

conclusory response that is completely devoid of any substance.  *See* Dkt. 221.  Advocates, to

be effective, must take the "necessary trouble" to present the Court with coherent, well-

reasoned and articulable points for consideration.  *Cf.* George Orwell, Politics and the English

Language, 13 Horizon 76 (1946) ("Modern English, especially written English, is full of bad

habits which spread by imitation and which can be avoided if one is willing to take the

necessary trouble.").  At times, the Court was forced to divine some meaning from the

incomprehensible prose that plagued Plaintiffs' written objections.  Lest there be any

confusion, the Court graciously did so even though it could have simply refused to give the

faulty objections any consideration at all.  The Court would have been equally obliged to treat

Defendant's failure to provide a meaningful response as a concession of Plaintiffs' objections.

A.

Plaintiffs' first objection is a challenge to the magistrate judge's refusal to credit their

general unstated objections to the time records.  When challenging the reasonableness of

attorneys' fees, a party can challenge either the reasonableness of the number of hours billed

or the hourly rates charged, or both.  Although it is not clear from Plaintiffs' objections, the

Court need not address the reasonableness of the hourly rates because the magistrate judge

agreed with Plaintiffs' expert and reduced the hourly fees of two of the attorneys in the case.[1]

With regard to the number of hours expended, fee applicants must exercise what is referred to

as "billing judgment," meaning that any excessive, redundant or otherwise unnecessary hours

must be redacted.  *See American Civil Liberties Union of Georgia v. Barnes*, 168 F. 423, 428

(11th Cir. 1999).  Even if a fee applicant fails to exercise "billing judgment," courts are

obligated to do it for them.  *Id.*  "As the district court must be reasonably precise in excluding

hours thought to be unreasonable or unnecessary, so should be the objections and proof from

fee opponents."  *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1301

(11th Cir. 1988).

---

[1] Plaintiffs did not object to the hourly rate for John H. Rains, Esq.  *See* Dkt. 218, p. 31.
The magistrate judge reduced Mr. Rains's law clerk's rate from $135 to $100, "because the
former is too high for a law clerk in this area."  *Id.* at 31-32.  Moreover, the magistrate judge
accepted Plaintiffs' expert opinion that Brendan J. Thorpe, Esq.'s rate should be reduced to $325,
and Joshua Reyes, Esq.'s rate should be reduced to $175, both of which reflect the market rate
for counsel with their respective experience.  *Id.* at 31-34.

To aid the parties (and the Court) in resolving the dispute, the magistrate judge ordered Plaintiffs to file an expert affidavit that detailed each objectionable time entry, the basis for the objection, and an alternative reasonable fee for the work performed. *See* Dkt. 199, p. 3. As the magistrate judge pointed out, however, rather than take the time to go through each time entry and provide the magistrate judge with specific objections (as ordered), Plaintiffs attached a copy of Defendant's time records "on which the [P]laintiffs drew lines through virtually every date, work description, rate and amount." Dkt. 218, p. 25. Conceding that specific objections to each time entry were not made, Plaintiffs stand behind this approach and object to the magistrate judge's failure to consider these "objections."

First, Plaintiffs argue it was proper to cross out time entries with little or no explanation because the time entries were improper for the "exact same rationale." Dkt. 220, p. 2. Plaintiffs, however, recite a series of rationales for the omnibus objection. Specifically, Plaintiffs argue "that the entries related to work outside the scope of the fee award order, were improperly documented, and were excessive and unreasonable on their face."[2] *Id.* The Court conducted a *de novo* review of the time entries to determine whether, as Plaintiffs claim, all three objections applied to "each and every" time entry that was crossed out. *See* Dkt. 207. As a general observation, the Court could not with any degree of certainty distinguish between

---

[2] Plaintiffs then state, in the very next sentence, that "more importantly, all of these entries were rejected because such were  a.) outside of the applicable time period from 29 February to 4 August 2010; and b.) not related to the motion for relief (doc. 158) or the argument on it (doc. 172)." Dkt. 220, p. 2.

those entries to which Plaintiffs object and those to which it did not.[3] The Court finds that

several of the time entries are subject to fewer than all of the three objections, and in some

instances none at all. That each time entry is not necessarily subject to each of the three

enumerated objections belies Plaintiffs' assertion that the exact same rationale applies to each.

In the R&R, the magistrate judge states that "plaintiffs apparently expect the court to review

counsel's handwritten objections, scribbled in a separate document, and line them up with the

crossed-out time sheets in Attachment II to determine the basis for their objections." Dkt.

218, pp. 25-26. That is precisely what Plaintiffs expected. Unfortunately for the Plaintiffs,

the magistrate judge outlined a specific procedure to object to attorneys' fees that Plaintiffs'

counsel chose to ignore. *See generally Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Next, Plaintiffs assert they complied with the magistrate judge's order and submitted

an expert report that states the objectionable amounts, the reasons for the objections, and a

reasonable fee in the alternative to the objectionable amount. *See* Dkt. 220, p. 2 ("Plaintiffs

did this (see doc. 207), identifying in very detail the work done to obtain the order of

'dismissal' on 4 August 2010, which was in turn obtained pursuant to Defendant's successful

---

[3] Ostensibly, Plaintiffs object to each time entry outside of the five entries specifically identified on page 8 of the Motion to Strike. *See* Dkt. 207, pp. 8-9 ("Plaintiffs went in detail through all of the Defendants [sic] submissions only to find the rest of these not to be relevant or even credible."). However, in addition to the five agreed upon time entries, there are several time entries that are not crossed out. *See* Dkt. 207, Attachment I. There are also time entries annotated with a question mark (?) and no text, others with "really?," others with "*," and at least one with the remark "same; no" with an arrow directed to an another entry annotated by "ok." *Id.* Perhaps most aptly described by the magistrate judge, "[m]any of the handwritten scribbles are illegible, cryptic, or are simply not helpful in determining the reasonableness of the charge." Dkt. 218, p. 26.

'Motion for Enforcement of Settlement' (*cf.* Docs. 158, 172 and the crossed-out time entries in Attachment II were those not relating to that motion." [sic]). Plaintiffs argue that their objections were "certainly specific." The Court reviewed the expert report and disagrees. The expert report does not identify in any amount of detail the work done to obtain the order of dismissal. In fact, the only opinions are found in paragraphs 6 through 9 of the report, which address only the reasonableness of the individual attorneys' rates and the Eleventh Circuit appellate fees. Plaintiffs' first objection is, therefore, denied.

B.

Plaintiffs' second and third objections appear to be challenges to the reasonableness of the fees awarded by the magistrate judge. These arguments are related to the arguments discussed in the Plaintiffs' first objection, but the Court will briefly address some additional nuances. First, in their second objection, Plaintiffs argue that the magistrate judge improperly awarded attorneys' fees in excess of the scope of this Court's original Order. *See* Dkt. 220, p. 3 (citing Dkt. 188). Without any analysis or support, Plaintiffs argue that the entire award (less the $731 to which Plaintiffs do not object and "a modest additional amount") exceeds the scope of this Court's Order. Having provided the Court with no factual or legal basis to overrule the magistrate judge's finding, the Plaintiffs' second objection is denied.

Plaintiffs' third objection is, as best as the Court can tell, that each time entry beyond the five stipulated valid entries is "unreasonable on its face" and, therefore, no specific objection need be raised.[4] Plaintiffs provide no legal support for such a proposition.[5] Indeed,

---

[4] Plaintiffs' third objection is so replete with typographical and grammatical errors that the Court had to devote substantial time simply trying to make sense of it. The first sentence of

such a proposition stands in stark contrast to the bulk of authority the Court located on its

own. *Norman*, 836 F.2d at 1301; *see, e.g., Gray v. Lockheed Aeronautical Systems Co.*, 125

F.3d 1387, 1390 (11th Cir. 1997) (finding the district court did not abuse its discretion when it

found "that the [fee applicant's] records appeared reliable and noted that [the fee opponent]

lodged only conclusory objections to the hours submitted"); *Ryand v. Nat'l Mut. Fire Ins. Co.*,

2012 WL 939387, at *3 (M.D. Fla. Jan. 25, 2012) ("The fee opponent then has the burden of

pointingout [sic] with specificity which hours should be deducted.") (internal citations

omitted); *Sierra v. Delta Quality Enterprises, Inc.*, 2009 WL 1684457, at *4 (M.D. Fla. June

16, 2009) (reviewing the time records "only for clearly excessive or noncompensable work"

due to the "lack of specific objections" offered by the fee opponent); *American Charities for

Reasonable Fundraising Regulation, Inc. v. Pinellas County*, 287 F. Supp. 2d 1301, 1314

(M.D. Fla. June 24, 2003) ("[A] fee opponent's failure to explain exactly which hours he

views as unnecessary or duplicative is generally viewed as fatal."). In fact, it makes perfect

sense for fee opponents to shoulder some of the responsibility and assist the Court in this

endeavor to ensure excessive fees are not paid.

Moreover, the magistrate judge detailed a very specific procedure for Plaintiffs to

object to the reasonableness of the claimed attorneys' fees. Beyond failing to comply with

their affirmative obligation to specifically and with reasonable precision object to any time

---

the paragraph is nearly unintelligible.

[5] As a general rule, "[a] litigant who fails to press a point by supporting it with pertinent
authority, or by showing why it is a good point despite a lack of supporting authority or in the
face of contrary authority, forfeits the point." *United States v. Giovannetti*, 919 F.2d 1223, 1230
(7th Cir. 1990).

entries believed to be excessive, Plaintiffs chose to ignore the magistrate judge's Order.

Specifically, as noted by the magistrate judge, "in contravention of the Order, the plaintiffs

have not provided any expert opinion as to the reasonableness of the number of hours billed

by defense counsel in the district court." *See* Dkt. 218, p. 27.  Without the benefit of specific

objections by Plaintiffs, the magistrate judge independently reviewed the time records and

reduced the requested fee award by 50% "to account for the fact that only part of this work

was compensable" and did not award any amount for any entry "when the subject matter of a

time entry could not be determined." Dkt. 218, p. 28.  Plaintiffs ask this Court to find that the

magistrate judge committed error. The Court conducted an independent review of the time

records and agrees with the magistrate judge's conclusions.  Plaintiffs' third objection is,

therefore, denied.

D.

In their fourth objection, Plaintiffs argue the Court was without jurisdiction to enforce

the settlement agreement.[6] *See* Dkt. 220.  Specifically, Plaintiffs rely on *Kokkonen v.*

*Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994), for the proposition that proceedings

to enforce settlement agreements are not, as a matter of course, subject to the ancillary

jurisdiction of a federal district court.  In *Kokkonen*, the parties entered into a settlement

---

[6]  Plaintiffs also object to the magistrate judge's order denying their motion to strike
Defendant's submissions in support of the award of attorneys' fees. *See* Dkt. 220, pp. 4-5.  As
the magistrate judge makes clear in the report and recommendation, "plaintiffs did not state any
cognizable basis for striking the defendant's submissions in support of an award of its fee [sic]
and costs, which were submitted in accordance with the court's Order." *See* Dkt. 218, p. 9 at n.
2.  The Court agrees.

11

agreement and joint stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii).[7]  511 U.S. at 376-77.  The district court signed the stipulation, but did not reserve jurisdiction to enforce the settlement agreement.  *Id.* at 377.  After the case was dismissed, one party moved the district court to enforce the other party's obligations under the settlement agreement and the Court enforced the settlement agreement under its "inherent power" to do so.  *Id.*  The Supreme Court held that a dismissal pursuant to Rule 41(a)(1)(A)(ii) strips the district court of jurisdiction to enforce a settlement agreements unless, with the parties' consent, the Court incorporates the settlement agreement into the dismissal order or expressly reserves jurisdiction over the settlement agreement.  *Id.* at 381-82.

   The error in Plaintiffs' reliance on *Kokkonen* rests squarely on their failure to consider the vastly different procedural posture in this case.  To begin with, the parties here did not file a joint stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii).  To the contrary, the parties filed a joint motion to stay the proceedings and request for an order directing them to consummate the settlement agreement.  *See* Dkt. 156.  The Court did precisely that and ordered the parties to consummate the settlement agreement and dismiss the case within 90 days.  *See* Dkt. 157.  Although the parties executed the settlement agreement, Plaintiffs flouted this Court's Order and refused to dismiss the case.  Defendant, as a result, moved the Court for an Order to enforce the settlement agreement.  *See* Dkt. 158.  That motion, along with Plaintiffs' frivolous motion for sanctions against Defendant's counsel, was referred to the

---

[7] The 2007 amendments to the Federal Rules of Civil Procedure reorganized Rule 41(a)(1), and former Rule 41(a)(1)(ii) is now Rule 41(a)(1)(A)(ii).  No substantive changes accompanied this change to the nomenclature.  For clarity, the Court cites to the new rule in this Order.

magistrate judge.  The magistrate judge recommended granting Defendant's motion to enforce the settlement agreement and denying, *inter alia*, Plaintiffs' motion for sanctions.  *See* Dkt. 176.  Notably, the magistrate judge recommended awarding Defendant its attorneys' fees and costs in the event Plaintiffs further pursued their frivolous motion for sanctions.  *See* Dkt. 180, pp. 10-11. Plaintiffs, after this Court adopted the magistrate judge's report and recommendation, continued steadfast in their frivolous pursuit and appealed to the Eleventh Circuit.  *See* Dkt. 184.  Not surprisingly, the Eleventh Circuit found "no merit at all" in the appeal, and affirmed this Court's interpretation of the settlement agreement and denial of Plaintiffs' motion for sanctions.  *See* Dkt. 189, p. 3.  Contrary to Plaintiffs' view, the Court was not invoking ancillary jurisdiction to enforce the settlement agreement because the case was not dismissed, voluntarily or otherwise.  Plaintiffs' fourth objection is, therefore, overruled.

After a careful and independent review of the file, including all motions and responses, the Court will overrule all objections raised by the Plaintiffs.  The Court accepts and adopts all factual findings and legal conclusions made by the magistrate judge.  Accordingly, it is

**ORDERED** that the report and recommendation, April 2, 2012, (Dkt. 218), be **adopted** and **incorporated by reference** and Defendant be awarded attorneys' fees in the amount of $31,589.75, and costs and expenses in the amount of $113.04.  The Clerk of Court is directed to enter judgment in favor of Defendant against Plaintiffs in the amount of $31,702.79.

13

#8:08-CV-882-T-17-TGW

**DONE and ORDERED** in Chambers, in Tampa, Florida, this day of October, 2012.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record
Assigned Magistrate Judge

14